UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAZ MALDANADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. MERRITT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00482-JLT-SKO PC<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 12)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN 21 DAYS**<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff Marciaz Maldanado is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT BACKGROUND**

The Court issued its First Screening Order on September 14, 2023. (Doc. 9.) The Court found Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure. (*Id*. at 4-7.) Plaintiff was given 21 days within which to file an amended complaint, or, alternatively, to file a notice of voluntary dismissal. (*Id*. at 7-8.)

On October 11, 2023, the Court issued Findings and Recommendations to Dismiss Action Without Prejudice for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute. (Doc. 12.) The Court found Plaintiff failed to file a first amended complaint or notice of voluntary dismissal as directed in the screening order. (*Id*. at 2-4.) On that same date, an amended complaint was docketed in this action reflecting a filing date of October 10, 2023.[1] (*See* Doc. 10.)

## II.   DISCUSSION

### A.  The Findings and Recommendations Will Be Vacated

Although Plaintiff's first amended complaint filed October 10, 2023, is not dated, the Court presumes it is timely given the passage of time following issuance of the screening order and the prison mailbox rule. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 769 n.1 (9th Cir. 2010). Therefore, the Court will vacate its Findings and Recommendations to dismiss this action for Plaintiff's failure to file a first amended complaint or a notice of voluntary dismissal. Plaintiff's first amended complaint is deficient for the reasons identified below and Plaintiff will be directed to file a second amended complaint within 21 days of the date of service of this order.

### B.  Plaintiff's First Amended Complaint Is Deficient

AS set forth below, the first amended complaint filed October 10, 2023, is deficient. First, as Plaintiff was advised in this Court's First Screening Order, "an amended complaint must be 'complete in itself without reference to the prior or superseded pleading.' Local Rule 220." (Doc. 9 at 7.) Here, instead of using the amended complaint form provided with the screening order (*see* Doc. 9-1 [amended civil rights complaint form]), Plaintiff used his original complaint bearing this Court's received stamp dated May 31, 2023, as his amended complaint. (*See* Doc. 10.) This fails to comply with the Court's screening order. (*See* Doc. 9 at 5 ["Plaintiff will be provided with …an amended complaint form"].)

Second, a brief review of the amended complaint reveals Plaintiff has added approximately eleven additional defendants (*compare* Doc. 1 at 1 *to* Doc. 10 at 1 & 4) without identifying those additional individuals as defendants in Section "B. DEFENDANTS" of the

---

[1] Both documents were docketed hours apart on October 11, 2023.

2

amended complaint (*see* Doc. 10 at 2). As stated in this Court's screening order, Plaintiff was advised that "any amended complaint must comply with Rule 8 *by clearly and succinctly stating what happened, when it happened, and how each defendant was involved*." (Doc. 9 at 5, emphasis added.) Plaintiff adds eleven additional individuals' names without identifying what happened, when it happened, or how each individual was involved. Plaintiff also fails to state facts plausibly alleging a deliberate indifference to serious medical needs claim despite being provided the legal standard applicable to a deliberate indifference claim in the screening order. (*See* Doc. 9 at 5-7.)

Third, Plaintiff's amended complaint is not dated or correctly dated. At page six of the amended complaint, the date indicated on his original complaint, May 19, 2022, is crossed out. (*See* Doc. 10 at 6.) The Court also notes that the signature appearing on Plaintiff's original complaint filed on March 29, 2023, is different than the signature appearing on his amended complaint filed October 10, 2023. (*Compare* Doc. 1 at 3 *to* Doc. 10 at 6.)

In sum, Plaintiff will be directed to file a second amended complaint using the amended complaint form provided with this order. Plaintiff shall clearly identify the named defendants and is reminded that each claim asserted must clearly state what happened, when it happened, and how that defendant was involved. Plaintiff may not simply provide a list of names and assert his rights were violated. He must explain how each defendant violated his rights. Plaintiff should review the Court's First Screening Order issued September 14, 2023, for more specific information. Plaintiff should also sign and date any second amended complaint.

### C. Request for the Appointment of Counsel

Plaintiff requests the appointment of counsel in his amended complaint filed October 10, 2023. (*See* Doc. 10 at 6 ["Request Appointed Attorney to investigate the matter within and should be granted for relief"].)

#### 1. Applicable Legal Standards

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

1  "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
2  to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

3  Given that the Court has no reasonable method of securing and compensating counsel, the
4  Court will seek volunteer counsel only in extraordinary cases. In determining whether
5  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
6  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
7  complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &
8  citations omitted). Neither factor is dispositive, and both factors must be considered before a
9  court decides. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998).

**2. Analysis**

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, an evaluation of the likelihood of success on the merits cannot be made because there is no operative complaint. Plaintiff's original complaint violated Rule 8 of the Federal Rules of Civil Procedure and his first amended complaints is deficient for the reasons discussed above. As a result, Plaintiff has failed to state a claim upon which relief can be granted. Assuming Plaintiff files a second amended complaint, the second amended complaint will be screened in due course. At screening, the Court accepts Plaintiff's factual allegations as true for purposes of determining whether Plaintiff plausibly alleges a cognizable claim or claims entitling him to relief in these proceedings. It does not however accept Plaintiff's legal conclusions as true. Those conclusions will be evaluated after the screening process has been completed. Therefore, an evaluation of the likelihood of success on the merits at this early stage of the proceedings is premature.

The Court finds this case does not present exceptional circumstances that would warrant the appointment of counsel. Considering the legal issues involved—the medical care provided during Plaintiff's incarceration—the Court finds Plaintiff able to articulate his claims in light of their complexity. *Rand*, 113 F.3d at 1525. Eighth Amendment deliberate indifference to serious medical needs claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this

4

case "so complex that due process violations will occur absent the presence of counsel"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) ("The legal issue presented—deliberate indifference to medical needs—is not complex"). Thus, the Court finds Plaintiff can articulate his claims in light of their complexity.

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Plaintiff is further advised that an inability to afford to hire counsel is not an exceptional circumstance warranting the appointment of counsel. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *see also Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider). Nor is limited access to the law library an exceptional circumstance because limited law library access is a circumstance common to most prisoners. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D.

Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law").

Finally, while the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional circumstances exist and here, they do not. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDERS

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations (Doc. 12) issued October 11, 2023, are **VACATED**;
2. Plaintiff SHALL file a second amended complaint, using the amended complaint form provided, **within 21 days** of the date of service of this order;
3. Plaintiff's request for the appointment of counsel is **DENIED**; and

    4. The Clerk of the Court is directed to provide Plaintiff with an amended complaint form.

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated: __**October 12, 2023**__         /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE