UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAZ MALDANADO,<br><br>            Plaintiff,<br><br>    v.<br><br>L. MERRITT, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00482-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Marciaz Maldanado is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    INTRODUCTION

Plaintiff filed a second amended complaint on October 16, 2023. (Doc. 14.)  On September 16, 2024, the Court issued its Second Screening Order. (Doc. 15.) The Court found Plaintiff's second amended complaint failed to state a claim upon which relief could be granted. (*Id*. at 4-8.) Plaintiff was given one final opportunity to cure the deficiencies identified in the screening order, and was granted leave to file a third amended complaint or a notice of voluntary dismissal within 21 days of the date of the order. (*Id*. at 8-9.) More than 21 days have passed, and Plaintiff has failed to file either a third amended complaint or a notice of voluntary dismissal.

### II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

"[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, more than 30 days have passed since the Second Screening Order issued directing Plaintiff to respond within 21 days. Plaintiff has failed to file a third amended complaint or a notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

While the risk of prejudice to defendants is a lesser factor because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to file a third amended complaint or a notice of voluntary dismissal amounts to an unreasonable delay in prosecuting this action. Plaintiff could have sought an extension of time within which to file a third amended complaint or a notice of voluntary dismissal but has failed to do so. Therefore, the Court finds the third factor—a risk of prejudice to

1 defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

2  The fourth factor usually weighs against dismissal because public policy favors
3 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
4 "this factor lends little support to a party whose responsibility it is to move a case toward
5 disposition on the merits but whose conduct impedes progress in that direction." *In re*
6 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
7 (citation omitted). Here, Plaintiff is failing to move this case forward by not filing an amended
8 complaint or a notice of voluntary dismissal. And he is impeding its progress by failing to obey
9 court orders. Thus, the Court finds the fourth factor—the public policy favoring disposition on the
10 merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

11  Lastly, the Court's warning to a party that failure to obey the court's order will result in
12 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
13 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. On March 30, 2023, Plaintiff was
14 warned that a failure to obey court orders may result in dismissal of the case. (*See* Doc. 3 at 1
15 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) In that same order,
16 Plaintiff was advised that "all Court deadlines are strictly enforced." (*Id.* at 5.) Later, in the
17 Court's First Screening Order issued September 14, 2023, Plaintiff was advised: "**If Plaintiff fails**
18 **to comply with this order, the Court will recommend that this action be dismissed, without**
19 **prejudice, for failure to obey court order and failure to prosecute.**" (Doc. 9 at 8, emphasis in
20 original.) And the second screening order expressly warned: "**FINAL WARNING: If Plaintiff**
21 **fails to comply with this Order, the Court will recommend that this action be dismissed for**
22 **a failure to state a claim upon which relief can be granted**." (*See* Doc. 15 at 9, emphasis in
23 original.) Thus, Plaintiff had adequate warning that dismissal could result from his
24 noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little
25 available to the Court that would constitute a satisfactory lesser sanction while protecting the
26 Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—
27 the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

28  In sum, it appears that Plaintiff has abandoned this action. More than 21 days have passed

following issuance of the Second Screening Order, directing Plaintiff to file a third amended complaint or a notice of voluntary dismissal. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall assign a district judge to this action.

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 18, 2024**           /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE